**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NARINDER JIT SINGH, | No. 11-72971 |
| Petitioner, | Agency No. A074-588-652 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Narinder Jit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We deny the petition for review.

Singh claims the police arrested him twice and severely mistreated him during his detentions. To support these claims, Singh submitted documents including a letter from a doctor asserting he treated Singh after both arrests and an affidavit from his father addressing Singh's arrests, police mistreatment, and medical treatment. The government conducted an overseas investigation and concluded that both documents were fraudulent.

Substantial evidence supports the agency's adverse credibility finding based on Singh's submission of these documents where Singh testified that they were accurate and that the doctor and his father would confirm his account of events, but instead they repudiated the documents and their contents. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (upholding adverse credibility finding based on doubts about petitioner's supporting documents and holding genuineness of documents went to heart of claim). Contrary to Singh's contention, the IJ considered his testimony and properly analyzed his credibility. Further, Singh's contentions regarding an investigator's Punjabi fluency and regarding his father's understanding and intimidation are unsupported by the record. Accordingly,

11-72971

Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Singh's CAT claim fails because it is based on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to India. *See id.* at 1156-57. Contrary to Singh's contentions, the IJ considered evidence of country conditions and properly analyzed his CAT claim.

**PETITION FOR REVIEW DENIED.**